UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL LOVE,

    Plaintiff,

vs.                                                  Case No. 8:10-CV-649-T-27EAJ

PROPERTY & CASUALTY INSURANCE
COMPANY OF HARTFORD,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Enforce the Court's Exclusive Jurisdiction Pursuant to 28 U.S.C. § 1446(d) (Dkt. 11), Plaintiff's motion to remand (Dkt. 12), and Defendant's response in opposition to the motion to remand (Dkt. 14). Upon consideration, both motions (Dkts. 11, 12) are DENIED.

### Introduction

In *Lahey v. State Farm Mutual Automobile Insurance Company*, this Court held that a bad faith claim was separately removable where that claim was asserted in an uninsured motorist action by way of a post-judgment amended complaint. No. 8:06-cv-1949-T-27TBM, 2007 WL 2029334 (M.D. Fla. July 11, 2007) (Whittemore, J.). Plaintiff ("Love") requests that *Lahey* be revisited. Although there are divergent views on the issue, the Court declines to revisit *Lahey* and adheres to its reasoning in *Lahey*. The instant bad faith claim was properly removed and remand is not required.

### Background

A motor vehicle accident left Love with severe injuries. The other driver's insurance company tendered its $10,000 policy limits. Finding this amount insufficient to cover his injuries, Love demanded payment from his own insurance company, Property & Casualty Insurance Company

of Hartford (Hartford). Although Hartford's policy provided $ 200,000 of underinsured motorist (UM) coverage, Hartford rejected Love's demand.

In December, 2007, Love filed a state court action against Hartford to recover UM benefits. After a five day trial, the jury returned a verdict of $1,598,357.90 in Love's favor. Because the verdict was in excess of the policy's underinsured motorist coverage limits, Love sought leave to amend his complaint to bring a bad faith claim against Hartford pursuant to Fla. Stat. § 624.155.[1] The state court granted Love's motion and deemed the amended complaint filed on February 5, 2010. Thirty days later, Hartford filed its notice of removal. The notice stated that Hartford was "removing this action for bad faith in insurance claims handling . . . to this federal district court." (Dkt. 1). On April 7, 2010, nearly three weeks after removal, the state court entered a "partial final judgment," limited to the policy's $ 200,000 UM coverage limits. (Dkt. 12-1).

Love seeks an order remanding the case. Love contends that the bad faith claim is not independently removable and therefore Hartford's removal of the entire action was untimely. Hartford contends that removal of the bad faith claim was timely and proper. As an alternative ground in opposition to remand, Hartford suggests that Love's addition of the bad faith claim revived its right to remove the entire action. Consistent with this premise, Hartford requests an order declaring invalid all post-removal actions taken by the state court, including the entry of partial final judgment.

## Standard

"Federal courts are courts of limited jurisdiction." *U.S. v. Rojas*, 429 F.3d 1317, 1320 (11th

---

[1] *See Allstate Ins. Co. v. Jenkins*, 32 So. 3d 163, 165 (Fla. 5th DCA 2010) ("Although [*Allstate Insurance Company v. Sutton*, 707 So. 2d 760 (Fla. 2d DCA 1998)] appears to allow for a subsequent bad faith action to be brought in the original proceeding (a practice which creates an abundance of problems), the bad faith action is more appropriately brought as a separate cause of action.").

2

Cir. 2005). As a result, the removal statutes are strictly construed. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Any doubts about jurisdiction should be resolved in favor of remand. *University of South Alabama*, 168 F.3d at 411.

## Analysis

As a threshold, subject matter jurisdiction exists under 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000. The only question is whether Hartford satisfied the procedural requirements for removal. The removal statute provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Section 1446(b) establishes two distinct removal periods. *Pretka v. Kolter City Plaza II, Inc.*, --- F.3d ----, 2010 WL 2278358, at *10 (11th Cir. 2010). The first applies where federal jurisdiction can be determined from the initial pleading. *Id.* The second applies where the initial pleading fails to disclose sufficient grounds to support federal jurisdiction. *Id.* Both allow a 30 day window for removal. The first window opens when the initial pleading is served. The second window opens when the first document demonstrating that removal is proper is served. In addition to the 30 day

3

window, the statute imposes a one-year limitation on removal of diversity actions. But that limitation period applies only to actions removed under the second paragraph. *Carter v. Frito-Lay, Inc.*, 144 F. App'x 815, 817 (11th Cir. 2005); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 389 (5th Cir. 2000).

As this Court recognized in *Lahey*, a "bad faith claim is a cause of action 'separate and independent of' the underlying UM claim . . . ." 2007 WL 2029334, at *1. This conclusion is well-grounded in Florida law. *See, e.g., Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006) ("[A] claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform.") (quoting *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)). Indeed, a bad faith claim does not even accrue until the conclusion of the underlying UM case. *Blanchard*, 575 So. 2d at 1291 ("[A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits.").

Because of this, a bad faith cause of action is separately removable upon service of "the initial pleading setting forth the claim for relief" upon which the bad faith action is based. 28 U.S.C. § 1446(b); *Lahey*, 2007 WL 2029334, at *1-2; *Curran v. State Farm Mut. Auto. Ins. Co.*, No. 6:09-cv-463-Orl-28DAB, 2009 WL 2003157, at *2-3 (M.D. Fla. July 02, 2009); *Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030, at *2 (M.D. Fla. Nov. 12, 2008); *Moss v. Geico Imdem. Co.*, No. 5:10-cv-104-Oc-10GRJ, Dkt. 14 (M.D. Fla. May 24, 2010), adopted, Dkt. 22 (June 24, 2010); *Parks v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-cv-811-T-26MSS, Dkt. 13 (M.D. Fla. June 20, 2006); *but see, e.g., Daggett v. American Sec. Ins. Co.*, No. 2:08-cv-46-FtM-29DNF, 2008 WL 1776576, at *3 (M.D. Fla. Apr. 17, 2008) (bad faith claim filed in amended

complaint in UM action was not separately removable); *Archer v. Rucker*, 8:08-cv-2096-T-23TGW, Dkt. 8 (M.D. Fla. Nov. 4, 2008) (same).

There is no dispute that Hartford filed its notice of removal within 30 days of the order authorizing Love to add the bad faith cause of action. *See Lahey*, 2007 WL 2029334, at *2 (removal period begins when state court authorizes filing of amended complaint containing bad faith claim). And since the bad faith claim is removable as a separate cause of action upon service of "the initial pleading setting forth the claim for relief," the one-year limitation contained in the second paragraph of § 1446(b) is not implicated. 28 U.S.C. § 1446(b) (first paragraph); *see Carter*, 144 F. App'x at 817 (one-year limit does not apply to removal under first paragraph of § 1446(b)); *Lahey*, 2007 WL 2029334, at *2. Hartford's removal of the bad faith claim was therefore timely and proper.[2]

Having found that Hartford properly removed the bad faith claim independent of the underlying UM action, its request for an order declaring the state court's post-removal actions invalid is quickly rejected. Hartford correctly observes that the state court lost jurisdiction over the bad faith claim. But the underlying UM action was unaffected by removal of the bad faith claim. *Cf. Lahey*, 2007 WL 2029334, at *1 (UM judgment was pending on appeal in state court after removal of the bad faith claim). The state court was not divested of jurisdiction to enter judgment or address post-trial motions in the UM action.

---

[2] Alternatively, Hartford argues that the amended complaint asserting the bad faith claim revived its right to remove the entire action under the first paragraph of § 1446(b). *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). Because the bad faith claim is independently removable, it is unnecessary to determine whether a 'revival exception,' permitting removal of the entire action under the first paragraph of § 1446(b) applies.

## Conclusion

Accordingly, Plaintiff's Motion to Remand (Dkt. 12) and Defendant's Motion to Enforce this Court's Exclusive Jurisdiction (Dkt. 11) are **DENIED**.

**DONE AND ORDERED** this 14th day of July, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record